## Markert v. College Offset Press, Inc.

*Charles F. G. Smith*, for plaintiff.

*Miles W. Kirkpatrick* and *Morgan, Lewis & Bockius*, for defendants.

FLOOD, J., November 23, 1955.—Plaintiff sets forth that she sold to the defendants on July 18, 1953, cer-

tain equipment for the sum of $35,000, payable in installments; that there is presently an unpaid balance of $8,250; that the defendants are about to resell this equipment for $25,000; that it is a substantial amount of defendants' printing equipment and that this sale will deprive the plaintiff of the only tangible security available to it for the payment of this unpaid balance.

The preliminary injunction must be refused since no cause of action seems to us to be alleged here under the bulk sales provisions of the Commercial Code or the Fraudulent Conveyancing Act. The bulk sales article of the code in section 6-102(3) provides that "the enterprises subject to this Article are all those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell."

Since the averment of the complaint is that defendants operated a printing business, they would hardly seem to come within this provision. Certainly this bare averment without an additional averment that the defendants' principal business is the sale of merchandise from stock is insufficient to warrant the granting of an injunction under the bulk sales article of the code.

The cases cited by the plaintiff have no bearing on this since there was no provision in the Bulk Sales Act similar to section 6-102(3) of the code, quoted above.

Likewise, no facts have been alleged which would bring this sale within the Fraudulent Conveyances Act. The sale for $25,000 of property bought for $35,000 two years earlier does not seem sufficient to warrant the drastic remedy of preliminary injunction, particularly when the indebtedness to plaintiff has been reduced to $8,250.

The petition is denied.